UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jessica Brown

    Plaintiff

v.

Officer Gomez, et al.,

    Defendants

Case No.: 2:23-cv-00777-JAD-BNW

**Order Dismissing Action**

    Plaintiff Jessica Brown brings this 1983 action for civil-rights violations that she claims she endured while detained at the Clark County Detention Center. On November 15, 2023, Brown was ordered to either pay the $402 filing fee or file a complete application to proceed in forma pauperis by December 15, 2023.[1] She was also ordered to update her address by that deadline.[2] That deadline expired, and the plaintiff did not pay the fee, file an IFP application, update her address, or seek to extend the deadline to do any of these things.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious

---

[1] ECF No. 5 at 2.

[2] *Id.* at 1.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[8] This court cannot operate without collecting reasonable fees, and this action cannot realistically proceed without the ability for the court and the defendants to send plaintiff case-related documents, filings, and orders. The only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach the plaintiff is low, so issuing a second order

---

[5] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[8] *Henderson*, 779 F.2d at 1424.

will only delay the inevitable and further squander the court's finite resources and is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that the weigh in favor of dismissal. IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice for failure to update an address, pay the filing fee, or seek to proceed *in forma pauperis* in compliance with the court's order. **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.** If plaintiff wishes to pursue her claims, she must file a complaint in a new case, and she must pay the fee for that action or file a complete application to proceed *in forma pauperis*.

_____
U.S. District Judge Jennifer A. Dorsey
January 9, 2024